UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANTONIO CLIFFORD HARRIS,            :
                                    :   Civil Action No. 09-4368 (SDW)
            Plaintiff,              :
                                    :
      v.                            :
                                    :   **MEMORANDUM OPINION AND ORDER**
ANN R. RUBIN,                       :
                                    :
            Defendant.              :
_____ :

   IT APPEARING THAT:

1. Plaintiff submitted for filing a civil complaint and an application to proceed in this matter in forma pauperis. See Docket Entry No. 1. Plaintiff's submission qualifies him for in forma pauperis status.

2. Plaintiff's complaint names, as Defendants in this matter, two persons: (a) Ann R. Rubin ("Rubin"), who was, apparently, the prosecutor in Plaintiff's criminal proceedings; and (b) Mr. Cobrut ("Cobrut"), a social worker. See Docket Entry No. 1, at 4-5.

3. Plaintiff's allegations against both Defendants are less than of exemplary clarity. The best this Court can surmise, Plaintiff asserts that Rubin used a "fake" indictment number to prosecute Plaintiff, plus Plaintiff's allegations vaguely suggest that Rubin was somehow connected to the execution of Plaintiff's arrest warrant. See id. at 6. These allegations indicate that the events underlying Plaintiff's challenges

   against Rubin took place sometimes during the 1993-to-1996 period. See id.

4. Plaintiff's allegations about Cobrut are even less clear, since Plaintiff merely asserts that, many months or even years after the events underlying his challenges against Rubin, Plaintiff asked Cobrut to "help with [Plaintiff] with [a certain] matter," but -- after Cobrut "got upset with [Plaintiff -- Plaintiff] stop[ped] speaking to [Cobrut] and wrote [Cobrut] up." Id. Finally, Plaintiff asserts that, on some unspecified date (and, seemingly, many months or even years after the events related to Plaintiff's friction with Cobrut), Plaintiff came to the mess hall at one of his prior places of confinement and had an unspecified someone cut Plaintiff's face. See id.

5. Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a), governs the joinder of claims. See Fed. R. Civ. P. 18(a), 20(a)(2). Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). Rule 18 (a) provides : "A

party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, <u>Federal Practice & Procedure Civil 3d</u> §1655; <u>see also</u> <u>United States v. Mississippi</u>, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); <u>Ross v. Meagan</u>, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), <u>overruled on other grounds by</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same

transaction requirements are satisfied). Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

6. Here, it is apparent that Plaintiff's allegations against Rubin, Cobrut and the unspecified individual allegedly responsible for the cut of Plaintiff's face ensued from entirely unrelated transactions. In light of the vagueness of

4

      Plaintiff's claims against Cobrut and Plaintiff's failure to even name the defendant responsible for the cut of Plaintiff's face (as well as in light of Plaintiff's failure to clarify the dates of these events and to detail the relevant circumstances), the Court will construe Plaintiff's instant complaint as a complaint against Rubin, i.e., against the Defendant the claims against whom are most fleshed out.

7. Plaintiff's claims against prosecutors of Plaintiff's underlying criminal case are barred because prosecutors are also absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)). Therefore, Plaintiff's assertions that Rubin used a "fake" indictment number appear to be barred, since it seems that Rubin was involved in the indictment process in her prosecutorial capacity. However, the same is not as apparent as to Plaintiff's vaguely articulated allegations that Rubin was, somehow, connected to the execution of Plaintiff's arrest warrant, and it is plausible that Rubin, if she was actually involved in the execution of the warrant, was not acting in her prosecutorial capacity.

8. Nonetheless, even if the Court were to presume that Rubin is not immune from Plaintiff's suit, Plaintiff's allegations based on the 1993-1996 events appear facially time barred.

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 2006 WL 590357 *1 (3d Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  New Jersey's statute of limitations for personal injury claims requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).  Under federal law governing the accrual of claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed."  Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he

6

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a [plaintiff] faces extraordinary circumstances that prevent him from filing a timely [complaint] and the [plaintiff] has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Here, Plaintiff's complaint is undated, but his in forma pauperis application is dated August 19, 2009. Therefore, Plaintiff could not have

7

submitted his instant complaint for mailing to the Court prior to that date, which renders all Plaintiff's challenges based on the events that took place on or prior to August 19, 2007, time barred.  Moreover, Plaintiff's complaint indicates that Plaintiff initiated administrative actions long before submitting his instant complaint, which suggests that Plaintiff has no basis for equitable tolling. See id. at 5. Indeed, Plaintiff's complaint is wholly silent as to the events that might qualify as grounds for equitable tolling. Therefore, as drafted, Plaintiff's allegations against Rubin are subject to dismissal, with prejudice, as time barred or, alternatively, on the grounds of prosecutorial immunity.

9. In contrast, Plaintiff's allegations against Cobrut and against the unspecified person whom Plaintiff deems liable for his face being cut will be dismissed without prejudice, for failure to meet the requirements of Rules 18 and 20. Therefore, such dismissal does not prevent Plaintiff from filing of timely individual complaints against these persons/entities.  The Court, however, stresses that no statement made in this Memorandum Opinion and Order shall be construed as expressing the Court's position as to the procedural or substantive validity or invalidity of such claims.

IT IS on this 29th day of March, 2010,

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's application to proceed in this matter <u>in forma pauperis</u> is granted, and Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and on the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that the complaint is dismissed. Such dismissal is with prejudice as to Plaintiff's claims against Defendant Rubin[1]

---

[1] However, in the event Plaintiff wishes to assert grounds for equitable tolling, he may do so, in writing submitted within 30 days from the date of entry of this Memorandum Opinion and

but without prejudice to Plaintiff's initiation of new and separate action(s) against Defendant Cobrut and/or the person/entity Plaintiff deems liable for the cut of Plaintiff's face, provided that such actions are timely and meet the requirements of Rules 8,[2] 18 and 20; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, together with two blank <u>in forma pauperis</u> forms for prisoners seeking to file a civil complaint and two blank civil complaint forms, and close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED".

s/Susan D. Wigenton<br>
**Susan D. Wigenton**,<br>
**United States District Judge**

---

Order; such writing shall detail Plaintiff's grounds for equitable tolling and the time frame of (as well as the exact conduct of) Rubin when she acted not in her prosecutorial capacity. In the event Plaintiff timely submits such written statement, the Court will reopen this matter to address the timeliness and substantive validity of Plaintiff's claims asserted in that written statement.

[2] A civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure. The Rules require that the complaint be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993). Therefore, Plaintiff must clearly state the "who," the "when" and the "what happened" of his claim.