UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                              :
ANTONIO CLIFFORD HARRIS,       :
                              :   Civil Action No.
            Plaintiff,         :   09-4368 (SDW)
                              :
      v.                       :   **MEMORANDUM OPINION**
                              :   **AND ORDER**
ANN R. RUBIN,                  :
                              :
            Defendant.         :
_____:

IT APPEARING THAT:

1.  On August 24, 2009, Plaintiff submitted his § 1983 complaint and his application to proceed in the instant matter in forma pauperis. See Docket Entry No. 1.

2.  On April 1, 2010, this Court granted Plaintiff in forma pauperis status and dismissed his complaint. See Docket Entry No. 2. Some Plaintiff's claims were dismissed with prejudice, as barred by prosecutorial immunity and untimely, while other Plaintiff's claims were dismissed without prejudice, pursuant to the workings of Rules 18 and 20, with a clarification that such claims could be raised by Plaintiff in new and separate complaints. See id.

3.  More than twenty months went by, and Plaintiff filed his instant application seeking his release from confinement. See Docket Entry No. 5.

4. The Court construes Plaintiff's instant application as his motion for reconsideration of the Court's prior determination.

5. Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  The Rule requires that motions for reconsideration be served and filed "within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(I).  Here, Plaintiff submitted his motion with a twenty-month delay.  Therefore, Plaintiff's motion should be denied, as facially untimely.

6. Even if the Court were to overlook this twenty-month delay, Plaintiff's application is without merit.  A motion for reconsideration is a device of limited utility.  There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985),

cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998).  In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).  Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H.

      Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").

7. Here, Plaintiff's instant submission does not assert any errors of law or fact upon which the Court's prior judgment was based, nor does it present any newly-discovered or previously unavailable evidence; it does not state grounds showing manifest injustice, nor does it refer the Court's attention to any intervening change in prevailing law. All Plaintiff asserts is his demand for release for confinement; however, Plaintiff's demands to that effect cannot provide the Court with a valid basis for reconsideration of its prior determination. Therefore, Plaintiff's instant application is without merit and shall be denied.

8. Moreover, Plaintiff's now-submitted request for release from incarceration is not cognizable in a civil rights action. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a §

1983 action."[1]  Id.  As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under Bivens alleging deprivation of a constitutional right.  See Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3d Cir. 2001) ("A Bivens action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").  The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not

---

[1] In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release.  See id. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See id. at 494.  Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition.  See id. at 500.

> alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Therefore, a prisoner is entitled to a writ of habeas corpus when he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

9. Here, Plaintiff seeks, in no ambiguous terms, release from confinement, which is a claim falling within the core of habeas relief. Therefore, to the extent Plaintiff wishes to

obtain such remedy, his challenges should be raised by means of a habeas petition.[2]  Simply put, the Court has no jurisdiction in this civil rights matter allowing the Court to entertain Plaintiff's habeas claims.

IT IS, therefore, on this 9th day of January, 2012,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's application seeking release from confinement, Docket Entry No. 5, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application, Docket Entry No. 5, is construed as Plaintiff's motion seeking reconsideration of the Court's prior determination; and it is further

ORDERED that Plaintiff's application, Docket Entry No. 5, is granted in form and denied in substance;[3] and it is further

---

[2] No statement in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion as to substantive or procedural validity or invalidity of Petitioner's habeas challenges in the event such challenges are filed.

[3] The United States Court of Appeals for the Third Circuit guided that a litigant's motion for reconsideration should be deemed granted in form when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion. See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008). However, the very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, inclosing in said mailing: (a) one blank Section 2241 habeas petition form; (b) one blank Section 2254 habeas petition form; and (c) one blank application for incarcerated individuals seeking to prosecute a habeas action in forma pauperis; it is finally

ORDERED that the Clerk shall close this action by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED."

s/Susan D. Wigenton
**Susan D. Wigenton,**
**United States District Judge**

---

court's decision previously reached upon examination of the original application. See id.